UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LAKEISHA HALL                               CIVIL ACTION

VERSUS

LOUISIANA WORKFORCE              NO.: 15-00533-BAJ-RLB
COMMISSION, ET AL.

## ORDER

Before the Court is the **Motion to Dismiss (Doc. 67)** filed by Defendants. Plaintiff, among other claims, asserts a 42 U.S.C. § 1983 claim for intentional employment discrimination against Wes Hataway, Bryce Tomlin, Nakesla Blount, and Corey Gaines. (Doc. 60). In an action brought in federal court under 42 U.S.C. § 1983, a court borrows the forum state's statute of limitations for personal injury actions. *Hawkins v. McHugh*, 46 F.3d 10, 12 (5th Cir. 1995). Here, the applicable rule of limitations is the one-year prescriptive period established by Louisiana law. *Id.* The filing of an EEOC claim also does not toll the time to bring a § 1983 claim. *Taylor v. Bunge Corp.*, 775 F.2d 617, 618-19 (5th Cir. 1985). The Court previously permitted Plaintiff's § 1983 claim to proceed against Tomlin. (Doc. 29).

Plaintiff argues that her § 1983 claims are timely under theories of relation back under Federal Rule of Civil Procedure 15(c) and equitable tolling. It appears, however, that all of Plaintiff's § 1983 claims were brought outside the one-year statute of limitations for a § 1983 claim because Plaintiff filed suit on August 12, 2015, (Doc. 1), over one year after she was terminated on July 14, 2014. *Id.* at ¶ 36.

1

This includes the claims against Hataway, Tomlin, Blount, and Gaines. Therefore, even if Plaintiff's claims relate back to her original complaint filed August 12, 2015, (Doc. 1), it appears that that Complaint was filed over one year after Plaintiff was injured as a result of her July 14, 2014 termination.

Additionally, it appears that the theory of equitable tolling is equally of no help to Plaintiff because the doctrine only applies if a plaintiff files suit with enough time to discover the identity of potential defendants. *See Balle v. Nueces Cty., Texas*, 690 F. App'x 847, 851 (5th Cir. 2017) (finding equitable tolling inapplicable where plaintiff filed suit with only a few days before the limitations period had run). Neither party, however, addressed this issue. Therefore, to provide the parties a fair opportunity to address this issue, the Court orders simultaneous supplemental briefing.

Accordingly,

**IT IS ORDERED** that Plaintiff and Defendants file simultaneous supplemental briefing not to exceed 5 pages within 10 days of this Order on whether Plaintiff's § 1983 discrimination claims against Hataway, Blount, Gaines, and Tomlin are barred by the statute of limitations because Plaintiff's original Complaint was filed outside the one year statute of limitations for a § 1983 claim.

Baton Rouge, Louisiana, this 9th day of November, 2017.

**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

2