UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| LAKEISHA HALL | CIVIL ACTION |
|---|---|
| VERSUS | |
| LOUISIANA WORKFORCE COMMISSION, ET AL. | NO.: 15-00533-BAJ-RLB |

## RULING AND ORDER

Before the Court is the **Motion to Dismiss (Doc. 67)** filed by Defendants Louisiana Workforce Commission, Wes Hataway, Bryce Tomlin, Corey Gaines, and Nakesla Blount. Plaintiff Lakeisha Hall filed an opposition (Doc. 80), and Defendants filed a reply. (Doc. 81). For the following reasons the **Motion to Dismiss (Doc. 67)** is **GRANTED IN PART and DENIED IN PART.**

I. BACKGROUND

This is an employment discrimination lawsuit arising from Plaintiff's termination from the Louisiana Workforce Commission ("LWC") on July 14, 2014. (Doc. 60). Plaintiff alleges that she began working as a full-time employee for LWC in January 2012, where she worked in the Office of Workers Compensation Administration. *Id.* at ¶¶ 12-14. Plaintiff alleges that Bryce Tomlin was her direct supervisor, and that Corey Gaines, Larry White, and Wes Hataway also supervised her. *Id.* at 15. She also alleges that Nakelsa Blount was the Human Resources manager and Blount was charged with managing and enforcing LWC's leave policy. *Id.*

1

Plaintiff claims that she informed Tomlin that she was pregnant around June 23, 2014. *Id.* at ¶ 26. Shortly thereafter, Plaintiff alleges that she suffered morning sickness, and therefore she missed work or arrived late to work. *Id.* at ¶¶ 29-30A. Plaintiff alleges that Tomlin informed her that her absences would be considered unexcused, and failed to advise her that she may be eligible for leave under the Family Medical Leave Act ("FMLA"). *Id.* at 30-30A. According to Plaintiff, on July 10, 2014, Tomlin provided her a letter titled 'Supervisory Plan," which stated that Plaintiff would not receive approval for annual and compensatory leave requests until she significantly improved her attendance, but she was permitted to use annual leave for medical appointments if it was qualified leave under the FMLA. *Id.* at ¶ 31-32.

Plaintiff alleges that later that day Tomlin sent an email to Blount, White and Gaines about this meeting with Plaintiff. *Id.* at 33B. White asked whether Plaintiff was on probation and Blount responded to the group email that Petitioner was on probation and that she "recommend[ed] separating her from probation." *Id.* at 33C. White replied "I concur." *Id.* at 33D. Gaines then replied to the group that he agreed and Tomlin had his "backing." *Id.* at 33E. Blount replied to the group stating that Plaintiff's "reaction to being giving [sic] a written warning is evidence that she is not a fit for the agency. Her immediate respon[se] was discrimination and she was being mistreated. Additionally, she is pregnant and will have a reason to also claim this as a disability/discrimination if she is dissatisfied." White then instructed Tomlin and Gaines, to prepare a letter of termination to fire Petitioner. *Id.* at 33G.

The next day, Friday, July 11, 2014, Plaintiff alleges that she used previously approved leave to attend her first prenatal appointment. *Id.* at ¶ 35. When she returned to work on Monday, July 14, 2014, Plaintiff alleges that Tomlin gave her a notice of separation. *Id.* at ¶ 36. Plaintiff sued LWC, Blount, Hataway, Gaines, and Tomlin and brought claims under Title VII, the Louisiana Employment Discrimination Law, La. R.S. 23:301, the Louisiana Whistleblower Statute, La. R.S. 23:967, the FMLA, the Louisiana Fair Employment Practices Act, La. R.S. 23:341, the Americans with Disabilities Act, and 42 U.S.C. § 1983. (Doc. 60 at p. 19-33).

Plaintiff filed suit on August 12, 2015. (Doc. 1). Plaintiff filed an Amended Complaint on September 23, 2015. (Doc. 4). Defendants moved to dismiss Plaintiff's claims, and on April 29, 2016, the Court granted the motion in part and denied it in part. (Doc. 29). The Court dismissed all of Plaintiff's claims except for her:

- Title VII Discrimination Claim against LWC (First Cause of Action)
- Title VII Retaliation Claim Against LWC (Third Cause of Action)[1]
- FMLA Claim Against Hataway and Tomlin (Seventh Cause of Action)
- Section 1983 Employment Discrimination Claim Against Tomlin (Tenth Cause of Action)

(*See* Doc. 29).

On October 2, 2017, the Court granted Plaintiff's Motion for Leave to file a Second Amended Complaint. (Doc. 59). Defendants then filed the pending Motion to Dismiss. (Doc. 67). On November 9, 2017, the Court ordered supplemental briefing

---

[1] Defendant did not move to dismiss the Title VII discrimination claim or the Title VII retaliation claim against LWC in its first motion to dismiss, and therefore the Court did not dismiss these claims. (*See* Doc. 8-1, 29)

3

on whether Plaintiff's § 1983 claims are time-barred. (Doc. 82). Plaintiff and Defendants timely filed supplemental briefs. (Docs. 83-84).

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft*, 556 U.S. at 679.

"[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). Hence, the complaint need not set out "detailed factual allegations," but something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" is required. *Twombly*, 550 U.S. at 555. When conducting its inquiry, the Court "accepts all well-pleaded facts as true and views those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010) (quotation marks omitted).

4

## III. DISCUSSION

As a threshold matter, the Court must determine the universe of claims still at issue. Even though the Court dismissed most of Plaintiff's claims in its previous Ruling, (Doc. 29), Plaintiff kept these claims in her Second Amended Complaint without adding additional facts that might allow these claims to survive a motion to dismiss. (*See* Doc. 60). In her opposition to the Defendant's Motion to Dismiss, Plaintiff concedes that only two issues remain following the Court's prior Ruling. (Doc. 80 at p. 2). First, whether Plaintiff has stated a Title VII claim against Hataway, Gaines, and Blount, as part of her First, Third, and Tenth Causes of Action. *Id.* And second, whether Plaintiff's First, Second, Seventh, and Tenth Causes of Action are prescribed. *Id.* Therefore, the Court will only examine whether Plaintiff's states a claim for relief in her First, Second, Third, Seventh, and Tenth causes of action.[2]

Plaintiff moved to strike Defendant's recitation of claims that have already been ruled on by the Court, claiming it is "irrelevant and leads to confusion." (Doc. 76-3 at p. 2). In fact, what is irrelevant are Plaintiff's claims in her Second Amended Complaint that the Court already dismissed. It is therefore entirely understandable

---

[2] The Court's prior ruling dismissed Plaintiff's other claims, and the Court's reasoning applies with equal force to Plaintiff's Second Amended Complaint. The Court dismissed Plaintiff's fourth, fifth, sixth, and eighth causes of action—a variety of Louisiana state law claims and an FMLA claim against LWC—because the Eleventh Amendment bars these claims. (Doc. 29 at p. 4-7). The Court dismissed Plaintiff's ninth cause of action, an ADA claim against Tomlin, because there is no individual liability under the ADA. *Id.* at p. 5 n.1.

that Defendant addressed these claims in its motion to dismiss. Plaintiff's motion to strike is denied.

> A. **Title VII Claim Against LWC, Hataway, Tomlin, Gaines, and Blount (First and Third Causes of Action)**

Plaintiff claims, in her first cause of action, that LWC, Hataway, Tomlin, Gaines, and Blount are liable under Title VII for employment discrimination. (Doc. 60 at ¶ 43-50). The United States Court of Appeals for the Fifth Circuit has held that "relief under Title VII is available only against an employer, not an individual supervisor or fellow employee." *Foley v. Univ. of Houston Sys.*, 355 F.3d 333, 340 (5th Cir. 2003). Therefore, Plaintiff's Title VII claims against Hataway, Tomlin, Gaines, and Blount are dismissed. Defendant did not move to dismiss Plaintiff's Title VII claim against LWC, and therefore the Court will not dismiss this claim. (*See* Doc. 67-1).

Plaintiff claims, in her third cause of action, that LWC is liable for retaliation under Title VII. (Doc. 60 at ¶ 57-61). It is unclear whether Plaintiff intended to bring her retaliation claim against individual defendants as well, but to the extent she does, it is dismissed because Title VII relief is not available against individual supervisors or fellow employees. *Foley*, 355 F.3d at 340. Defendants did not move to dismiss Plaintiff's Title VII retaliation claim against LWC, and therefore the Court will not dismiss this claim. (*See* Doc. 67-1).

B. **Plaintiff's Title VII Disparate Impact Claim Against Gaines, Blount, and LWC (Second Cause of Action)**

Plaintiff claims, in her second cause of action, that LWC, Gaines, and Blount are liable for disparate impact discrimination under Title VII. (Doc. 60 at ¶ 51-56). The Court already concluded that Plaintiff failed to exhaust her administrative remedies for her disparate impact claim because Plaintiff failed to make a disparate impact claim in her EEOC charge. (Doc. 29 at p. 13). There are no additional facts in Plaintiff's Second Amended Complaint that lead the Court to reach a contrary conclusion. (Doc. 60). Plaintiff's disparate impact claim is therefore dismissed.

C. **Whether Plaintiff's FMLA and § 1983 Discrimination Claims Are Prescribed (Seventh, and Tenth Causes of Action)**

Plaintiff claims, in her seventh cause of action, that Hataway, Tomlin, Blount, and Gaines denied her leave under the FMLA. (Doc. 60 at ¶ 77-80). The Court previously concluded that Plaintiff states an FMLA claim against Tomlin and Hataway. (Doc. 29 at p. 8). Therefore the only question that remains, under Plaintiff's seventh cause of action, is whether Plaintiff states an FMLA claim against Blount and Gaines.

Plaintiff claims, in her tenth cause of action, that Tomlin, Hataway, Blount, and Gaines are liable under § 1983 for intentional employment discrimination and violating Plaintiff's FMLA rights. (Doc. 60 at ¶ 89A-89D). As the Court explained in its prior ruling, Plaintiff cannot bring an FMLA claim under § 1983 because the FMLA is the exclusive remedy for an FMLA violation. (Doc. 29 at p. 9). Therefore, Plaintiff's FMLA claims under § 1983 against Tomlin, Hataway, Blount, and Gaines

are dismissed. Regarding Plaintiff's intentional employment discrimination claim under § 1983, the Court already concluded that Plaintiff may proceed against Tomlin. (Doc. 29 at p. 11). And after adding additional facts relevant to Hataway, Defendants do not move to dismiss the § 1983 claims against her. (*See* Doc. 67-1). Therefore, the question is whether Plaintiff states a claim for employment discrimination under § 1983 against Blount and Gaines.

> 1. *Statute of Limitations - FMLA claims against Blount and Gaines and § 1983 Employment Discrimination Claims Against Blount, and Gaines.*

Defendant argues that Plaintiff's FMLA claims and the § 1983 employment discrimination claims are untimely. Under the FMLA, an action must be brought "not later than 2 years after the date of the last event constituting the alleged violation for which the action is brought." 29 U.S.C. § 2617(c)(1). But if a Plaintiff alleges a willful violation, the statute of limitations is 3 years. § 2617(c)(2). Here, Plaintiff was allegedly terminated on July 14, 2014. (Doc. 60 at ¶ 14). On September 6, 2017, three years and nearly two months later, Plaintiff filed her Second Amended Complaint, and for the first time alleges that Blount and Gaines violated her FMLA rights. *Compare* Doc. 4 at ¶¶ 77-80, *with* Doc. 60 at ¶¶77-80. Therefore, even under the most generous three year statute of limitations, Plaintiff's FMLA claims are prescribed.

Plaintiff also claimed for the first time in her Second Amended Complaint that Gaines is liable under § 1983 for engaging in employment discrimination. *Compare* Doc. 4 at ¶¶ 89A-89D, *with* Doc. 60 at ¶¶89A-89D. Louisiana has a one-year

prescriptive period to bring § 1983 claims. *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998). The filing of an EEOC claim does not toll the time to bring a § 1983 claim. *Taylor v. Bunge Corp.*, 775 F.2d 617, 618-19 (5th Cir. 1985). Therefore, the time to bring her § 1983 claims has long run.

    a.    Relation Back under Rule 15(c)

Plaintiff argues that her FMLA and § 1983 discrimination claims may proceed if they relate back to the date she filed the original complaint. (Doc. 76-3 at p. 7). Under Rule 15(c)(1)(B) an amendment against a previously named defendant relates back to the date of the original pleading if "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading[.]" If an amendment adds a new party, Rule 15(c)(1) allows the amendment to relate back, but "only if the change is the result of an error, such as a misnomer or misidentification." *Jacobsen v. Osborne*, 133 F.3d 315, 320 (5th Cir. 1998) (citation omitted) (emphasis added). "[F]ailing to identify individual defendants cannot be characterized as a mistake." *Id.* (citation omitted).

Here, Plaintiff sued Blount in her Amended Complaint filed on September 23, 2015. (Doc. 4). Plaintiff's amendment claiming that Blount is liable under the FMLA and § 1983 for employment discrimination arises out of the conduct set forth in her Amended Complaint. (*See* Doc. 4). Indeed, both Complaints center on Plaintiff's allegations that she was unlawfully terminated from her position at LWC. (*See* Docs. 4 and 60). Therefore, Plaintiff's FMLA and § 1983 claims against Blount relate back

to her Second Amended Complaint filed on September 23, 2015, which is within the two year statute of limitations for FMLA violations.

Gaines, on the other hand, was only made a defendant in Plaintiff's Second Amended Complaint filed on September 6, 2017. (*See* Doc. 1, 4, 60). Under Rule 15(c)(1), if an amendment adds a new party, it relates back "only if the change is the result of an error, such as a misnomer or misidentification." *Jacobsen v. Osborne*, 133 F.3d 315, 320 (5th Cir. 1998) (citation omitted) (emphasis added). And here, there is no evidence that Plaintiff failed to name Gaines as a result of an error. Indeed, Plaintiff sought to amend her Complaint because she claimed that she discovered new evidence that implicates Gaines. (Doc. 76-3 at p. 8-9). Therefore, Plaintiff's FMLA and § 1983 claims against Gaines do not relate back to her Second Amended Complaint.

b. Equitable Tolling

Plaintiff argues that her claims against Gaines are timely because her claims should be equitably tolled. (Doc. 76-3 at p. 9). The principle of equitable tolling allows plaintiff's to bring claims that would otherwise be untimely. (Doc. 76-3 at p. 9). The doctrine of equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). Equitable tolling is warranted only in "rare and exceptional circumstances." *United States v. English*, 400 F.3d 273, 275 (5th Cir. 2005).

Plaintiff argues that equitable tolling is appropriate because she amended her Complaint to include FMLA and § 1983 claims against Gaines based on information not previously disclosed in discovery when it should have been disclosed. (Doc. 76-3 at p. 10). Plaintiff claims that Defendants failed to provide, in its initial disclosures, emails that purportedly show that Gaines was involved in the decision to terminate her employment. (Doc. 76-3 at p. 10). When a plaintiff is denied the discovery needed to identify a defendant, even after diligently pursuing it, equitable tolling may be appropriate. *See Green v. Doe*, 260 F. App'x 717 (5th Cir. 2007).

In *Green*, plaintiff filed suit eleven months before the statute of limitations ran and filed discovery motions twice before the statute of limitations expired to determine the identity of a "John Doe" defendant. *Id.* at 719. The district court denied the discovery motions, and the Fifth Circuit reversed. *Id.* After the district court ordered the state to provide discovery, Plaintiff discovered the identity of "John Doe" and sought to amend his complaint. *Id.* The court held that equitable tolling was appropriate because Plaintiff diligently sought to discover the identity of "John Doe" and there was nothing more Plaintiff could have done to discovery his identity. *Id.*

Unlike *Green*, however, this is not a situation where Plaintiff did not know the identity of Gaines because she was denied discovery. Plaintiff referenced Gaines in her initial Complaint. Plaintiff alleged that Gaines was a Program Manager who supervised her at LWC, that he accompanied Plaintiff on site visits, and that she advised him that she was pregnant. (Doc. 4 ¶¶ 15, 18, 28). Plaintiff was also not

11

"actively misled by the defendant", as is required for equitable tolling. *Coleman*, 184 F.3d at 402. The Defendants made initial disclosures and supplemented them with additional discovery as the case progressed, which shows that Defendants did not actively mislead Plaintiff. (Doc. 81 at p. 4). The Court therefore concludes that this is not the kind of "rare and exceptional circumstances" *English*, 400 F.3d at 275, when equitable tolling is warranted. Plaintiff's FMLA and § 1983 discrimination claims against Blount are dismissed.[3]

### D. Punitive Damages

Plaintiff requests punitive damages where applicable. (Doc. 60 at p. 33). As the Court previously noted under 42 U.S.C. § 1981a(b)(1), punitive damages are not permitted against LWC for intentional employment discrimination because punitive damages may not be recovered against a government agency. (Doc. 29 at p. 13). Therefore, Plaintiff's punitive damages claim against LWC is dismissed.

### IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the **Motion to Dismiss (Doc. 67)** is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's claims are dismissed except for the following claims:

- Title VII Discrimination Claim Against Louisiana Workforce Commission (First Cause of Action)

---

[3] The Court ordered supplemental briefing about whether all of Plaintiff's § 1983 claims are time-barred. "[T]he Rules of Civil Procedure provide that a defendant forfeits his statute of limitations defense if he fails to raise it in his answer or in an amendment thereto." *Wood v. Milyard*, 566 U.S. 463, 475 (2012). Here, Defendants did not raise a statute of limitations defense in their Answer to the First Amended Complaint, (Doc. 31), and the Defendants have not filed an answer to the Second Amended Complaint, which is at issue here. Therefore, the Defendants have forfeited a statute of limitations defense.

- Title VII Retaliation Claim Against Louisiana Workforce Commission (Third Cause of Action)

- FMLA Claims Against Blount, Hataway, and Tomlin (Seventh Cause of Action)

- Section 1983 Employment Discrimination Claims Against Blount, Hataway, and Tomlin (Tenth Cause of Action)

**IT IS FURTHER ORDERED** that Defendant, Corey Gaines, is **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that considering that the Court previously suspended the deadline to file motions for summary judgment, (Doc. 59), the parties may file any motions for summary judgment within 21 days from the date of this Order.

Baton Rouge, Louisiana, this 8th day of January, 2018.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**